UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER J. KNOERINGER,

    Petitioner,

v.                                    Case No. 2:20-cv-942-JES-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____

**OPINION AND ORDER**

    This case is before the Court on a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Walter J. Knoeringer ("Petitioner" or "Knoeringer"), a prisoner of the Florida Department of Corrections. (Doc. 1). The Secretary of the Florida Department of Corrections ("Respondent") filed a response opposing the petition and asking the Court to dismiss it as untimely filed. (Doc. 8.) Knoeringer filed a reply, arguing that he is entitled to equitable tolling of the applicable statute of limitations. (Doc. 8.)

    After carefully reviewing the parties' briefs and the entire record before this Court, the Court dismisses the petition with prejudice as untimely filed.

    **I.  Background and Procedural History**

    On May 14, 2014, a jury found Knoeringer guilty of one count of lewd or lascivious molestation by a person 18 years or older

upon a child less than 12 years of age, three counts of sexual battery by a person 18 years or older upon a child less than 12 years of age, and one count of lewd and lascivious molestation of a victim between the ages of 12 and 16. (Doc. 9-2 at 569–70). The trial court sentenced Knoeringer to life in prison on counts one through four and to fifteen years in prison on count five. (Id. at 570–83). On December 4, 2015, Florida's Second District Court of Appeal ("Second DCA") affirmed Knoeringer's convictions and sentences per curiam without a written opinion. (Id. at 610).

On October 6, 2016, Knoeringer filed a motion to correct an illegal sentence. (Doc. 9-2 at 627). The state court denied the motion on November 7, 2016 (id. at 653), and Knoeringer did not file an appeal.

On December 11, 2017, Knoeringer filed an emergency motion seeking an extension of time to file a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 Motion"). (Doc. 9-2 at 681). The postconviction court granted the motion, and Knoeringer filed his Rule 3.850 Motion on January 26, 2018. (Id. at 701). After holding an evidentiary hearing on one of the grounds (id. at 831), the postconviction court denied the Rule 3.850 Motion on December 15, 2018. (Id. at 908). Knoeringer did not timely appeal the denial of the Rule 3.850 Motion but sought to file a belated appeal on April 8, 2019. (Id. at 869). The motion for a belated appeal was

2

granted, and Knoeringer filed a brief with arguments addressing only one of the two issues raised in the Rule 3.850 Motion. (Id. at 916). The Second DCA affirmed on June 19, 2020. (Id. at 956). Mandate issued on August 10, 2020. (Id. at 964.)

On November 24, 2020, Knoeringer provided his federal habeas petition to prison officials for mailing. (Doc. 1.)[1]

## II. Discussion

Respondent argues that the petition should be dismissed as untimely. (Doc. 8.) This Court agrees. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for habeas corpus proceedings. 28 U.S.C. § 2244(d). The limitations period begins to run from the latest of four possible start dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). In this case, the petition was stamped as provided to Wakulla Correctional Institution for mailing on November 24, 2020. (Doc. 1 at 1.)

3

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Knoeringer does not allege—nor does it appear from the Court's liberal construction of his filings or the Court's independent review of the record—that any statutory trigger in sections 2244(d)(1)(B)-(D) applies. Accordingly, Knoeringer's limitations period is calculated from the date his state judgment became final. Id. § 2244(d)(1)(A).

### A. Knoeringer's habeas petition was filed more than one year from the date his convictions and sentences became final.

The Second DCA affirmed Knoeringer's conviction and sentence on December 14, 2015. Because Knoeringer then had 90 days to seek certiorari review of the Second DCA's decision by the Supreme Court of the United States, his judgment became final on March 14, 2016— 90 days after December 14, 2015. See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that "the entry of judgment, and not the issuance of the mandate, is the event that starts [the 90-day window] for seeking Supreme Court review" under 28 U.S.C. § 2244(d)(1)(A)).

Knoeringer's one-year statute of limitations then began to

run on March 15, 2016, and he had through March 15, 2017 to file his federal habeas petition. <u>See</u> <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1266 (11th Cir. 2011) (recognizing that the AEDPA limitations period begins to run on day after triggering event); <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]he limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run."); Fed. R. Civ. P. 6(a)(1)(A).

Knoeringer filed this habeas petition on November 24, 2020, and absent statutory or equitable tolling, it was almost four years—1350 days—late. 28 U.S.C. § 2244(d)(1)(A).

**B.   Knoeringer is not entitled to statutory tolling of AEDPA's statute of limitations.**

AEDPA's statute of limitations may be tolled in certain situations. For example, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(2).

Knoeringer filed a motion to correct sentencing on October 6, 2016, after 205 days of his limitations period had passed. This tolled his time to file a federal petition until December 7, 2016, when the time expired for filing a notice of appeal from the November 7, 2016 order denying resentencing. <u>See</u> Fla. R. Crim. P. 3.850(k) (providing that an appeal must be taken within 30 days

5

of rendition of the order being appealed). Absent further tolling motions, Knoeringer had 160 days remaining to file his federal habeas petition. Accordingly, his limitations period expired on May 17, 2017, and no applications for postconviction relief filed after that date statutorily tolled AEDPA's statute of limitations. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (properly filed state court collateral pleading filed after expiration of limitations period cannot toll that period because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (even "properly filed" state court petitions must be "pending" in order to toll the limitations period).

### C. Knoeringer is not entitled to equitable tolling of AEDPA's statute of limitations.

AEDPA's one-year limitations period may also be equitably tolled in certain cases. As a general matter, equitable tolling may apply if a petitioner shows that he has pursued his rights diligently and that some "extraordinary circumstance" stood in his way to prevent timely filing of his habeas petition. See Holland v. Florida, 560 U.S. 631, 649 (2010). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011).

Knoeringer argues that he is entitled to equitable tolling of the limitations period. (Doc. 1 at 13). He claims that "he fought for his [state court] records for over a year" and did not

6

receive them until November of 2017. (Id.) Specifically, Knoeringer notes that he began working on his case at Liberty Correctional Institution, was moved to a different institution for a medical procedure, and while there, received only 12 (of approximately 450) pages of his records. (Doc. 10 at 2). When he returned to Liberty, he was told that his records had been sent to him. (Id.) He filed several grievances based on the missing papers (but they were denied), and he was then sent to Wakulla Institution, where his legal work eventually showed up. (Id.) Knoeringer does not provide the specific dates that he was moved between institutions, requested his legal material, filed grievances, or was reunited with his papers. However, on December 12, 2017, Knoeringer filed a motion in state court seeking an extension of time to file his Rule 3.850 Motion. (Doc. 9-2 at 686). In that motion, he asserts that he was transferred to Regional Medical Center from Liberty Correctional in October of 2016 and requested his legal papers. (Id. at 682). In February 2017, he received only 12 of his 350 requested pages. (Id.) He returned to Liberty Correctional in April of 2017 where "he continued to acquire his legal papers by request." (Id.) On June 12, 2017, he filed a grievance seeking his remaining missing legal papers. (Id.) The grievance was denied on August 13, 2017, in part because he waited too long to file it. (Id.) In October of 2017 he was transferred to Wakulla Correctional Institution, and

7

his legal papers "showed up" in November of 2017. (Id. at 686).

Respondent argues that Knoeringer is not entitled to equitable tolling because even if the delay in receiving his papers amounted to an extraordinary circumstance, he has not demonstrated reasonable diligence in filing his federal habeas petition. (Doc. 8 at 16). First, Respondent notes that Knoeringer does not explain why he allowed 205 un-tolled days of AEDPA's limitations period to pass before filing his first tolling motion on October 6, 2016. (Id. at 16-17). Next, Respondent argues that, even though Knoeringer was aware of his missing legal documents as early as February 17, 2017, he did not file a grievance to obtain the documents until June 12, 2017—after his AEDPA limitations period already expired. (Id. at 20). To support the argument that Petitioner had not shown reasonable diligence, Respondent directs the Court to the response Knoeringer received from Liberty Correctional Institution after filing his first grievance about the missing legal papers:

> Your informal grievance has been reviewed and evaluated. Your legal documents were forwarded to RMC on January 30, 2017. According to the acknowledgment of receipt, you signed for your legal materials on **February 17, 2017.** However, affixed thereto was a notation of the enclosed documents received and a hand-written notation that some documents were missing.
>
> **As is evident from the receipt, you knew your legal documents were missing 115 days before the instant complaint.** Had you made your complaint at the time you noticed your documents were missing, steps could have been initiated to track down and locate your documents.

8

> Because you fail[ed] to file your complaint in accordance with the time frame of ch. 33-105.011(b)(2), your complaint is denied.

(Doc. 9-2 at 689 (emphasis added and slight alterations made for clarity)). Respondent contends that Knoeringer's 115-day delay in seeking help to obtain the legal papers he believed the prison had misplaced belies a determination that he exercised diligence under Holland sufficient to justify tolling AEDPA's statute of limitations. (Doc. 8 at 21).

The Court agrees with Respondent's arguments on this matter and finds that Knoeringer is not entitled to equitable tolling because he has not demonstrated reasonable diligence in timely filing his federal habeas petition. First, even if the delay in receiving his legal papers could be considered as an "extraordinary circumstance" under Holland, Knoeringer does not explain why he waited 115 days after learning the papers were missing before filing a complaint with the prison. This delay of almost four months, standing alone, strongly suggests that Knoeringer did not act with sufficient diligence to prove entitlement to equitable tolling.

Next, even if the delay caused by the missing legal papers is completely removed from the AEDPA timeliness calculations, Knoeringer did not file his federal habeas petition within 365 untolled days of his judgment becoming final. Notably, Knoeringer waited **205** days after his judgment became final to file any tolling

9

motion in state court.  Knoeringer was in possession of his legal papers during all or most of those 205 days.  (Doc. 9-2 at 682).  And Knoeringer admits that the papers were returned in November of 2017—before he filed his Rule 3.850 Motion. (Id. at 683).  Yet, while presumably aware that his federal deadline had already expired, Knoeringer did not file a timely appeal after the postconviction court denied his Rule 3.850 Motion; rather, he waited **116** days after the denial to seek a belated appeal.  Finally, Knoeringer waited **106** additional days after the appellate court issued mandate on the Rule 3.850 Motion to file a federal habeas petition in this Court.  In other words, even if the Court equitably tolled the entire time Knoeringer's legal papers were missing,[2] he still allowed **427** un-tolled days (205 + 116 + 106) to pass before filing his federal habeas petition.  Knoeringer does not even attempt to attribute the passage of those 427 days to an "extraordinary circumstance," and even if he could do so, he has not demonstrated reasonable diligence in pursuing his federal remedy, and he is not entitled to equitable tolling of AEDPA's statute of limitations.  See Pace v. DeGuglielmo, 544 U.S. 408, 419 (2005) (rejecting the petitioner's claim for equitable tolling

---

[2] Knoeringer does not provide the specific dates that he was without legal papers, but the Court will generously assume that he was without his papers between October 6, 2016, when he filed a motion to correct an illegal sentence, and December 11, 2017, when he filed a motion to extend time to file a Rule 3.850 Motion.

10

in part because "not only did petitioner sit on his rights for years *before* he filed his [motion for postconviction relief], but he also sat on them for five more months *after* his [state postconviction] proceedings became final before deciding to seek relief in federal court." (emphasis in original)); Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011) (finding that the petitioner was not entitled to equitable tolling because even assuming an extraordinary circumstance, the petitioner had not acted with reasonable diligence when he waited 203 days after the conclusion of state postconviction proceedings before seeking relief in state court).

> **D. Knoeringer's pleadings do not open a "gateway" under the actual innocence exception to AEDPA's one-year statute of limitations.**

The Supreme Court has held that a claim of "actual innocence, if proved, serves as a gateway" to overcome the expiration of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). However, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new

11

evidence." Id. at 327. The McQuiggin Court "stress[ed] . . . that the Schlup standard is demanding" and "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " 569 U.S. at 401 (quoting Schlup, 513 U.S. at 316).

Knoeringer raises two grounds for relief in his habeas petition. He asserts that his trial counsel was constitutionally ineffective for failing to:

> (1) Relay a plea deal that would have wrapped up charges against him in three counties; and
>
> (2) File a motion to suppress his statements to the police.

(Doc. 1 at 5-7). Although Knoeringer asserts in his first ground that he is not guilty of the charged crimes, he does not now present any new evidence showing that he is actually innocent of the crimes for which he was convicted. See Schlup, 513 U.S. at 324. Accordingly, McQuiggin's actual innocence exception cannot operate to excuse Knoeringer's failure to timely file his federal habeas petition.

### III. Conclusion

Based on the foregoing, the Court concludes that Knoeringer's 28 U.S.C. § 2254 petition was filed after the expiration of AEDPA's one-year limitations period. Furthermore, Knoeringer is neither

12

entitled to statutory nor equitable tolling of the limitations period.

Accordingly, it is ordered that:

1. The 28 U.S.C. § 2254 petition filed by Walter J. Knoeringer (Doc. 1) is **DISMISSED with prejudice** as time barred.

2. The Clerk is **DIRECTED** to enter judgment for Respondent, deny any pending motions as moot, terminate any deadlines, and close this case.

### Certificate of Appealability[3]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a "circuit justice or judge" must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 276 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537

---

[3] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.

U.S. 322, 335-36 (2003) (citations omitted).  Further, to obtain a COA when, as here, dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484.  Knoeringer has not made the requisite showing in these circumstances and is not entitled to a COA.  And it follows that because Knoeringer is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Fort Myers, Florida on November 1, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:   FTMP-2

Copies to:    Walter J. Knoenringer, Counsel of Record